## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE WILSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BAKERSFIELD, et al., <br><br> Defendants. | Case No.: 1:16-cv-00387 LJO JLT <br><br> ORDER GRANTING THE PETITION TO APPOINT MONTE WILSON AS GUARDIAN AD LITEM FOR MINOR PLAINTIFFS <br><br> (Doc. 3) |

On March 18, 2016, Monte WIlson initiated this action on behalf his own behalf as well as on behalf of his three children, all with the same initials of "M.W." (Doc. 1) Mr. Wilson seeks to be appointed as the guardian ad litem for the children. (Doc. ) Because the Court finds Mr. Wilson to be an appropriate guardian ad litem, the request is **GRANTED**.

### I.     Appointment of a Guardian Ad Litem

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*.  The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

Here, all three children reside in California (Doc. 3 at 2) so the law of the state governs. Under California law, an individual under the age of eighteen is a minor, and a minor may file a lawsuit only

as long as a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the minor's interests. Cal. Code Civ. P. § 372(a).

## II.     Discussion and Analysis

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50. Here, the juveniles are the children of Monte Wilson and all are under age 18. (Doc. 3 at 2) Thus, they are minors under the law and lack the capacity to sue absent appointment of a guardian ad litem. Cal. Fam. Code § 6502.

The complaint in this action does not reveal any adverse interests between Mr. Wilson and his children. While the claims all stem from the arrest of Mr. Wilson and search of his property, it does not appear that resolution of the father's claims would compete with the children's claims. Accordingly, appointment of Mr. Wilson as guardian ad litem for his children is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem").

## III.    Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Mr. Wilson has conflicting interests, and as such he may be appointed to represent the interests of his children. Thus, based upon the foregoing, the Court **ORDERS**:

1. The motion for appointment of Monte Wilson as guardian ad litem for M.W., M.W., and M.W. (Doc. 3) is **GRANTED**; and

2. Monte Wilson IS APPOINTED to act as guardian ad litem for the children M.W., M.W., and M.W., and is authorized to prosecute this action on their behalf.

IT IS SO ORDERED.

Dated: **March 22, 2016**               **/s/ Jennifer L. Thurston**
                              UNITED STATES MAGISTRATE JUDGE