**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MONTE WILSON, et al.

Plaintiffs,

v.

CITY OF BAKERSFIELD, et al.

Defendants.

Case No.: 1:16-cv-00387 - JLT

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND

(Doc. 10)

Plaintiffs assert Defendants are liable for violations of their rights arising under the Constitution of the United States and California law. Defendants seek dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10) Because the Court concludes that the complaint fails to provide sufficient factual allegations to support the claims raised—most particularly as to the minor plaintiffs—and fails to identify the actions taken by each named defendant which plaintiffs claim give rise to liability[1], the motion to dismiss is **GRANTED** with leave to amend.

## I. Background and Factual Allegations

Plaintiff Monte Wilson asserts that he and his children, who are the minor plaintiffs identified as "MW, M.W and M.W.," "are of African American heritage." (Doc. 1 at 4, ¶ 7) Mr. Wilson reports he "graduated from California State University Bakersfield, does not have a criminal record, has not been

[1] Plaintiffs are urged to make clear, in any amended complaint, to add factual allegations to support their claims. The facts Plaintiffs currently allege are sparse and unclear as to the "who, what, when, why and how" of the alleged events.

associated with any street gang or illegal association, and is… gainfully employed as a camera man for a local news organization." (*Id.*, ¶ 8)

According to Plaintiffs, Mr. Wilson was "hired by a local record company to photograph individuals for a music album cover… around the front yard of 831 'R' Street in Bakersfield, California." (Doc. 1 at 6-7, ¶¶ 19-20) In addition, Mr. Wilson "intended to shoot a short portion of a film at the location where the music album cover was to be photographed." (*Id.* at 6, ¶ 19)

Plaintiffs allege that around 5:30 p.m. on July 23, 2015, Mr. Wilson prepared his photography equipment in the presence of other individuals, including the person who hired Mr. Wilson and those who were to be in the photos. (Doc. 1 at 7, ¶ 20) Plaintiffs assert that Bakersfield Police Officer James Montgomery and unidentified "Doe" officers "opened the gate surrounding the front yard, and refused to allow [Mr. Wilson] to leave the yard without a reasonable suspicion or probable cause." (*Id.*, ¶ 21)

Plaintiffs assert Mr. Wilson began filming the officers "when at least one of the officers pointed a taser weapon at individuals in the front yard." (Doc. 1 at 7, ¶ 22) Plaintiffs allege that after the officers noticed Mr. Wilson filming, Officer Montgomery "and/or DOES 1 through 100 inclusive, pointed at [Mr. Wilson] and instructed another officer to 'take him.'" (*Id.*) According to Plaintiffs, Mr. Wilson "was then detained, handcuffed, restrained, and arrested without a reasonable suspicion or probable cause … and without a warrant." (*Id.*, ¶ 23) Plaintiffs contend the officers "harassed, threatened, intimidated, pressured, unlawfully touched, and/or assaulted those present in the front yard," including Mr. Wilson. (*Id.*, ¶ 24)

Plaintiffs contend the officers questioned Mr. Wilson "about his association with the other individuals," to which he "responded that he was not a part of any street gang, had been hired to take photographs and video, and was at the location to do so." (Doc. 1 at 8, ¶ 25) The officers "took possession" of the camera and photography equipment, and Mr. Wilson was "placed … in the back of a police vehicle" and transported to the police station. (*Id.*at 8-9, ¶¶ 26, 31)

Plaintiffs report that the officers charged Mr. Wilson "with PC 25850(c)(3) gang member in possession of a firearm, PC 186.22(d) gang participation, PC 182(a)(l) conspiracy, and PC 496(a) possession of stolen property without reasonable suspicion or probable cause." (Doc. 1 at 8, ¶ 27) Plaintiffs contend Officer Montgomery and the "Doe" officers "knew said charges against [Mr. Wilson]

were false. (Doc. 1 at 8, ¶ 28) In addition, Plaintiffs report that the Kern County District Attorney's office "refused to file a complaint and/or prosecute Plaintiff Monte Wilson for any of the alleged crimes for which Defendants arrested [him." (*Id.* at 8-9, ¶¶ 30) (emphasis omitted) Mr. Wilson's bail was set at $55,000, and he "suffered economic damage to be released." (*Id.*, ¶ 29)

According to Plaintiffs, the next day, "Defendants DOES 1 through 100, inclusive, arrived at Plaintiffs' residence…. [and] informed [Mr. Wilson] that his vehicle had been broken into." (Doc. 1 at 9, ¶¶ 32-33) Plaintiffs report Mr. Wilson "walked to his vehicle and determined that it in fact had not been broken into, contrary to statements made by [the officers]." (*Id.*, ¶ 33) Plaintiffs allege the officers then served Mr. Wilson with a search warrant. (*Id.*, ¶ 34)

Plaintiffs allege Mr. Wilson was "restrained" while the officer's searched his vehicle and apartment. (Doc. 1 at 9, ¶ 34) In addition, "Plaintiffs MW, M.W, and M.W., were present at the residence and witnessed Defendants DOES 1 through 100, inclusive, restrain their father, the search of the vehicle, and the search of the apartment." (*Id.*) The officers "took possession of property . . . including but not limited to laptops, tablet computers, and audio and video recording equipment." (*Id.*, ¶ 35) Plaintiffs contend the photography equipment and items taken the next day were not returned in "a timely fashion." (*Id.*, ¶¶ 31, 35)

Plaintiffs assert the Bakersfield Police Department; the City of Bakersfield; "and their employees, agents, supervisors, managers and/or representatives… ratified or acquiesced in the constitutional deprivation, or were deliberately indifferent, reckless, negligence, and/or careless with respect to hiring, training, supervising disciplining and retaining" Officer Montgomery and Does 1 through 50, inclusive. (Doc. 1 at 10, ¶ 36)

Based upon the foregoing allegations, Plaintiffs identify the following claims for relief: (1) discrimination in violation of Cal. Gov't Code §11135; (2) a violation of the Ralph Civil Rights Act, Cal. Gov't Code § 51.7; (3) discrimination in violation of the Unruh Civil Rights Act, Cal. Civil Code §51; (4) "violation of the Bane Civil Rights Act, California Civil Code §52.1, to be secure in his person and premises, and free form the use of excessive force and unlawful search and seizure, pursuant to 42 U.S.C. §§1983, 1998, Article 1, Section 13 of the California Constitution and California Civil Code §43;" (5) assault and battery; (6) intentional infliction of emotional distress; (7) unlawful

arrest and/or search and seizure under California law; (8) false imprisonment; (9) general negligence; (10) trespass to chattels; (11) conversion; (12) civil conspiracy; (13) invasion of privacy; and (14) negligent infliction of emotional distress. (*See generally* Doc. 1 at 14-29)

## **II. Pleading Requirements**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

## **III. Motions to Dismiss**

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the

> court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted).

A court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to officer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Therefore, the Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

## IV. Discussion and Analysis

### A. Claims of the Minor Plaintiffs

As an initial matter, Defendants contend that "a significant problem with the Plaintiffs' Complaint is that Plaintiffs appear to allege every cause of action on behalf of not just Monte Wilson, but also on behalf of minors MW, M.W, and M.W." (Doc. 10-1 at 9) The Court agrees.

A review of the complaint indicates each cause of action is raised by "Plaintiffs"—including the minor plaintiffs in the action. For example, in the fourth cause of action for civil rights violations, Plaintiffs allege that "Defendants' conduct violated *Plaintiffs'* rights secured by the Fourth Amendment to the United States Constitution to be secure from unreasonable seizure, and to be free from the use of excessive force and unlawful search and/or seizure." (Doc. 1 at 16, ¶ 58, emphasis added) Similarly, Plaintiffs allege Defendants are liable for assault and battery for causing "threats, force and offensive touching and/or violence to be used upon and against *Plaintiffs*." (*Id.* at 19-20, ¶ 69, emphasis added) However, there are no factual allegations supporting a conclusion that the officers used any force upon the minors or even had any interaction with the minor plaintiffs.

Further, although Plaintiffs allege the minors "were present at the residence and witnessed Defendants DOES 1 through 100, inclusive, restrain their father, the search of the vehicle, and the

search of the apartment," these allegations are insufficient to support the claim for negligent infliction of emotional distress.[2] When a plaintiff is a bystander, such as the minors here, damages for emotional distress many be recovered only if the plaintiff:

> (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress—a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.

*Thing v. La Chusa*, 48 Cal. 3d 644, 667-68 (Cal. 1989). Here, Plaintiffs allege Defendants "negligently caused injury to Plaintiff Monte Wilson" and that the minor children were present when the injury occurred. (Doc. 1 at 29, ¶ 117) Curiously, however, there are no factual allegations related to what "injury" Mr. Wilson suffered, or when it occurred. Without more, the Court is unable to determine whether Mr. Wilson is alleging an emotional injury or a physical injury, as is required for the minor plaintiffs to state a claim. *See Garcia v. Cnty. of Sacramento*, 2012 WL 1605056, at *2 (E.D. Cal. May 7, 2012) (while California courts have allowed recovery absent physical injury to a bystander, they have not extended recovery to cases in which the bystander did not at least witness a *physical* injury). Given the lack of factual allegations to support claims on behalf of the minor Plaintiffs, their claims are **DISMISSED** with leave to amend.

### B. First Cause of Action: Violation of Cal. Gov't Code § 11135

Defendants contend Plaintiffs fail to allege facts sufficient to support the first cause of action for a violation of Cal. Gov't Code § 11135. (Doc. 10-1 at 15) Section 11135 states, in pertinent part:

> No person in the State of California shall, on the basis of race…, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state.

*Id.* A "program or activity" includes "the provision of . . . health, welfare, rehabilitation, housing, or other services." Cal. Code Regs. title 22, § 98010.

Plaintiffs acknowledge the facts alleged are insufficient to support a cognizable claim for a

[2] Notably, negligent infliction of emotional distress is not a cause of action in the state of California. Rather, "the *negligent* causing of emotional distress is not an independent tort, but the tort of *negligence*." *Burgess v. Superior Court*, 2 Cal.4th 1064, 1072 (1992) (emphasis in original, citation omitted).

violation of Section 11135. (Doc. 14 at 7). Accordingly, Defendant's motion to dismiss the first cause of action is **GRANTED**, with leave to amend.

**C. Fourth Cause of Action**

In the Complaint, Plaintiffs identify the fourth cause of action as "Violation of the Bane Civil Rights Act, California Civil Code § 52.1, to be Secure in His Person and Premises, and Free From the Use of Excessive Force and Unlawful Search and Seizure, Pursuant to 42 U.S.C. §§ 1983, 1988, Article 1, Section 13 of the California Constitution and California Civil Code § 43." (Doc. 1 at 16) Thus, it appears the Fourth Cause of Action includes two separate claims: (1) a violation of California's Bane Civil Rights Act and (2) violations of the Fourth Amendment of the Constitution of the United States.

1. Violation of the Fourth Amendment

To the extent Plaintiffs seek to state claims for violations of the Fourth Amendment, such claims may be brought pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury he suffered and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D.

Cal. Apr. 13, 2012). Here, Plaintiffs allege the Bakersfield Police Officers violated Mr. Wilson's rights to be free from unreasonable seizure and excessive force on July 23, 2015.

*a. Unlawful arrest*

The Fourth Amendment prohibits arrests without probable cause or other justification, and provides: "The right of the people to be secure in their persons. . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." *U.S. Constitution, amend. IV.* A claim for unlawful arrest is cognizable when the arrest is alleged to have been made without probable cause. *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

Although Plaintiffs allege officers did not possess a warrant for his arrest and lacked probable cause for doing so, it is not clear which Defendants they claim are liable for placing Mr. Wilson under arrest. Rather, Plaintiffs broadly state the claim against all Defendants—including Officer Montgomery and "Does 1 through 100, inclusive"—it is clear that 101 officers did not place Mr. Wilson under arrest. Because Plaintiffs have not identified the individuals who arrested Mr. Wilson without a warrant or probable cause, they fail to allege sufficient facts to support a violation of the Fourth Amendment. *See West*, 487 U.S. at 48; *Johnson*, 588 F.2d at 742. As a result, this claim is **DISMISSED** with leave to amend.

*b. Excessive force*

The Supreme Court of the United States has determined that the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or

other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained,

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted).  In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

In *Graham*, the Supreme Court set forth factors to be considered in evaluating whether the force used was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985).  In addition, Court may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007).  Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Plaintiffs fail to provide any facts related to the actions taken by officers in the course of the arrest.  There are no facts for the Court to determine whether Mr. Wilson posed a threat to the safety of others, whether he was resisting arrest, or whether the officers issued a warning.  Plaintiffs must do more than offer only a conclusion that the officers used excessive force; they must provide sufficient facts to support the claim. *Iqbal*, 556 U.S. at 678.  Nevertheless, Plaintiffs contend the facts are sufficient to support a claim because "[a]nyone who, like who, like [Mr. Wilson], is arrested and handcuffed has had force used against them," and "[a]nyone who, like [Mr. Wilson], is taken into custody and forced into the back of a police car has had force used against them." (Doc. 14 at 8)

Plaintiffs contend that any force used to effectuate the arrest was unreasonable because the arrest itself was unlawful. (*Id.* at 7-8)

Significantly, however, a plaintiff may not maintain a separate cause of action for the force used during the course of an arrest. *See, e.g., Bashir v. Rockdale Cnty., Ga*., 445 F.3d 1323, 1332 (11th Cir. 2006) (an arrest without probable cause does not give rise to a separate claim for the use of excessive force); *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir.2000) (same); *Cortez v. McCauley*, 478 F.3d 1108, 1126 (10th Cir.2007) ("Thus, in a case where police effect an arrest without probable cause or a detention without reasonable suspicion, but use no more force than would have been reasonably necessary if the arrest or the detention were warranted, the plaintiff has a claim for unlawful arrest or detention but not an additional claim for excessive force.").

Accordingly, Plaintiffs fail to state a separate claim for a violation of Mr. Wilson's right to be free from the excessive use of force under the Fourth Amendment, and the claim is **DISMISSED** with leave to amend.

*c. Liability of the City of Bakersfield*

Municipalities or other governmental bodies may be sued as a "person" under Section 1983 for the deprivation of federal rights. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690 (1978). However, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691. Rather, a local government entity may only be held liable if it inflicts the injury of which a plaintiff complains. *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002). Thus, a government entity may be sued under Section 1983 when governmental policy or custom is the cause of a deprivation of federal rights. *Id.* at 694. The Ninth Circuit explained:

> A plaintiff may … establish municipal liability by demonstrating that (1) the constitutional tort was the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority "delegated that authority to, or ratified the decision of, a subordinate."

*Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984-85 (9th Cir. 2002)).

A public entity is also liable for a constitutional violation if the action is taken by a person with final policymaking authority. *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) "Whether an official has final policymaking authority is a question for the court to decide based on state law. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) ("[W]hether a particular official has 'final policymaking authority' is a question of *state law*. As with other questions of state law relevant to the application of federal law, the identification of those officials whose decisions represent the official policy of the local government unit is itself a legal question to be resolved by the trial judge before the case is submitted to the jury.") (emphasis in original, citations and internal quotation marks omitted).

In addition, the public entity may be liable if it ratifies the unconstitutional conduct by a non-policymaker. *Christie*, at 1235. Whether ratification has occurred is a question for the jury. *Id*. "To show ratification, a plaintiff must prove that the "authorized policymakers approve a subordinate's decision and the basis for it." *Praprotnik*, 485 U.S. at 127, 108 S.Ct. 915; see *Gillette*, 979 F.2d at 1348 (refusing to find ratification, because "[t]here is no evidence that the City manager made a deliberate choice to endorse the Fire Chief's decision and the basis for it"). Accordingly, ratification requires, among other things, knowledge of the alleged constitutional violation. *See Garrison v. Burke*, 165 F.3d 565, 572 n. 6 (7th Cir.1999) (holding that the municipality was not liable under § 1983, because it had no knowledge of the alleged constitutional violations); *Gattis v. Brice*, 136 F.3d 724, 727 (11th Cir.1998) (stating a similar proposition)." *Christie*, at 1239

Plaintiffs offer only their conclusion that the City and its "and their employees, agents, supervisors, managers and/or representatives, DOES 51 through 100, inclusive, ratified or acquiesced in the constitutional deprivation, or were deliberately indifferent, reckless, negligence, and/or careless with respect to hiring, training, supervising disciplining and retaining Defendants JAMES MONTGOMERY and DOES 1 through 50, inclusive." (Doc. 1 at 10) However, these legal conclusions are insufficient to support a claim for relief. *See* Iqbal, 556 U.S. at 678. Consequently, Plaintiff's claim for a violation of the Fourth Amendment—to the extent it is raised against the City of

Bakersfield and the Bakersfield Police Department—is **DISMISSED** with leave to amend.[3]

2. The Bane Act

The Bane Act provides a cause of action for interference "by threats, intimidation, or coercion" or attempted interference, "with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ.Code § 52.1(a); *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 843 (2004) ("Civil Code section 52.1 does not extend to all ordinary tort actions because its provisions are limited to threats, intimidation, or coercion that interferes with a constitutional or statutory right."). To state a claim under 52.1, the plaintiff must allege that the interference with the constitutional right was accompanied by an act of coercion. *Jones v. Kmart*, 17 Cal.4th 329, 334, 70 Cal.Rptr.2d 844, 949 P.2d 941 (1998) ("[S]ection 52.1 does require an attempted or completed act of interference with a legal right, accompanied by a form of coercion.")

In *Bender v. County of Los Angeles*, 217 Cal.App.4th 968, 977-978 (2013), the court held that where an arrest is unlawful and excessive force is used, a claim is stated under California Civil Code section 52.1. However, because Plaintiffs have failed to allege facts sufficient to support the claim for unlawful arrest and excessive force, the claim for a violation of the Bane Act similarly is insufficient. Accordingly, this claim is **DISMISSED** with leave to amend.

**D. Fifth Cause of Action: Assault and Battery**

Plaintiffs assert that Defendants are liable for assault and battery in violation of California law. (Doc. 1 at 19) Because these are separate torts under state law, the Court addresses each claim individually.

1. Assault

Under California law, an assault is a "demonstration of an unlawful intent by on person to inflict immediate injury on the person of another then present." *Lowry v. Standard Oil Co.*, 63 Cal. App. 2d 1, 6-7, 146 P.2d 57 (1944); see also CACI § 1301. "The tort of assault is complete when

[3] Counsel are urged to meet and confer regarding the propriety of the claim against the Bakersfield Police Department. *See Hervey v. Estes*, 65 F.3d 784, 791-72 (9th Cir. 1995); *see also Sanders v. Aranas*, 2008 WL 268972 at *3 (E.D. Cal. 2008) (finding the Fresno Police Department was not a proper defendant because it is a sub-division of the City).

anticipation of harm occurs." *Kiseskey v. Carpenters' Trust for S. Cal.*, 144 Cal.App.3d 222, 232, (1983). To state a cognizable claim of assault under California law, a plaintiff must allege: "(1) that defendant intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that plaintiff was put in imminent apprehension of such contact." *Brooks v. United States*, 29 F. Supp. 2d 613, 617 (N.D.Cal.1998) (citing Restatement (Second) of Torts § 21 (1965)).

Plaintiffs allege officers of the Bakersfield Police Department acted "without consent, cause, provocation or justification and with intent to place [Mr. Wilson] in fear…" (Doc. 1 at 19-20, ¶69) However, Plaintiffs do not allege that Mr. Wilson did, in fact, suffer any apprehension during either encounter with the police officers. Accordingly, Plaintiffs fail to allege facts sufficient to support a claim for assault.

2. Battery

Under California law, a battery occurs when: "[a] defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) [the] plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to [the] plaintiff." *Brown v. Ransweiler*, 89 Cal.Rptr.3d 801, 811 (2009). Thus, the claim for battery by a police officer is analogous to a claim for excessive use of force. *Id.*; *see also Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272 (1998) (an officer who uses force in the course of an arrest is not liable for battery unless the plaintiff demonstrates that the force used was unreasonable). Therefore, a claim for battery under California law is analyzed under the Fourth Amendment's reasonableness standard. *Edson*, 63 Cal. App. 4th at 1274; *Saman v. Robbins*, 173 F.3d 1150, 1156-57 & n. 6 (9th Cir. 1999). However, as discussed above, Plaintiffs fail to allege facts sufficient to support a claim for excessive force predicated solely upon the fact that Mr. Wilson was handcuffed. Given the lack of factual allegations to support claims for assault and battery, the fifth cause of action is **DISMISSED** with leave to amend.

**E. Twelfth Cause of Action: Civil Conspiracy**

Under California law, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi*

*Arabia Ltd.*, 7 Cal.4th 503, 510-511 (1994). To state a claim for a civil conspiracy, a plaintiff must allege: "(1) the formation of a group of two or more persons who agreed to a common plan or design to commit a tortious act; (2) a wrongful act committed pursuant to the agreement; and (3) resulting damages." *City of Industry v. Fillmore*, 198 Cal.App.4th 191, 211-12 (2011).

Plaintiffs fails to allege any facts such that police officers discussed what they would do in the course of the arrest or, for that matter, discussed the situation the next day while at the apartment. Without such facts, Plaintiff is unable to state a cognizable claim for conspiracy. Accordingly, the twelfth cause of action for conspiracy under California law is **DISMISSED** with leave to amend.

**F. Claims Based upon Execution of a Search Warrant**

Defendants contend "the Plaintiffs' 13th cause of action for invasion of privacy, and Plaintiffs' 14th fourteenth cause of action for negligent infliction of emotional distress . . . fail as a matter of law" because they "are premised on the execution of [a] search warrant." (Doc. 10-1 at 11) According to Defendants, they are entitled to immunity for the causes of action under Cal. Gov't Code §812.6, which provides immunity "for any and all injuries caused by instituting or prosecuting any judicial or administrative proceeding within the scope of employment, even if the employee acts maliciously and without probable cause." (*Id.*, citing Cal. Gov't Code. § 821.6)

The primary purpose of Section 821.6 "is to provide relief from malicious prosecution." *Blankenhorn v. City of Orange*, 485 F.3d 463, 487 (9th Cir. 2007) (citing *Kayfetz v. California*, 156 Cal.App.3d 491 (1984)). The Ninth Circuit concluded that Section 821.6, "as it applies to police conduct, is limited to actions taken in the course or as a consequence of an investigation." *Id.* Because the officers' actions related to the search of the vehicle and residence were taken in the course of an investigation, and Plaintiffs acknowledge the officers had a search warrant to do so, Defendants are entitled to immunity for the claim for an invasion of privacy. However, the factual allegations supporting the fourteenth cause of action rest not on the execution of a warrant, but of an unidentified injury. Accordingly, Defendants' motion to dismiss the thirteenth cause of action for invasion of privacy is **GRANTED**, and the motion as to the fourteenth cause of action for negligent infliction of emotional distress is **DENIED**.

///

## **V. Conclusion and Order**

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss is **GRANTED IN PART**;
2. The claims of the minor Plaintiffs are **DISMISSED** with leave to amend;
3. Plaintiffs' first, fourth, fifth and twelfth causes of action are **DISMISSED** with leave to amend;
4. Plaintiffs' thirteenth cause of action for invasion of privacy is **DISMISSED** without leave to amend; and
5. Plaintiffs **SHALL** file any amended complaint within 14 days of the date of service of this order.

IT IS SO ORDERED.

Dated: **May 23, 2016**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE