UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE WILSON, et al. ) | Case No.: 1:16-cv-00387 - JLT |
| ) | |
| Plaintiffs, ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. ) | |
| ) | (Doc. 22) |
| CITY OF BAKERSFIELD, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiffs assert Defendants are liable for violations of their rights arising under the Constitution of the United States and California law. Defendants seek dismissal of several causes of action in the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 22) Because the Court concludes Plaintiffs fails to provide sufficient factual allegations to support the claims challenged by Defendants, the motion to dismiss is **GRANTED**.

**I.   Background and Factual Allegations**

Plaintiff Monte Wilson asserts that he and his children, who are the minor plaintiffs identified as "MW, M.W and M.W.," "are of African American heritage." (Doc. 21 at 5, ¶ 7) Mr. Wilson reports he "graduated from California State University Bakersfield, does not have a criminal record, has not been associated with any street gang or illegal association, and is… gainfully employed as a camera man for a local news organization." (*Id.*, ¶ 8)

According to Plaintiffs, Mr. Wilson was "hired by a local record company to photograph

1

1 individuals for a music album cover… around the front yard of 831 'R' Street in Bakersfield, California." (Doc. 21 at 7-8, ¶¶ 19-20)  In addition, Mr. Wilson "intended to shoot a short portion of a film at the location where the music album cover was to be photographed." (*Id.* at 7, ¶ 19)

Plaintiffs allege that around 5:30 p.m. on July 23, 2015, Mr. Wilson prepared his photography equipment in the presence of other individuals, including the person who hired Mr. Wilson and those who were to be in the photos. (Doc. 21 at 8, ¶ 20)  Plaintiffs assert Bakersfield Police Officer James Montgomery and unidentified "Doe" officers "opened the gate surrounding the front yard, and refused to allow [Mr. Wilson] to leave the yard without a reasonable suspicion or probable cause." (*Id.*, ¶ 21)

Plaintiffs assert Mr. Wilson began filming the officers "when at least one of the officers pointed a taser weapon at individuals in the front yard." (Doc. 21 at 7, ¶ 22)  Plaintiffs allege that after the officers noticed Mr. Wilson filming, Officer Montgomery "and/or DOES 1 through 100 inclusive, pointed at [Mr. Wilson] and instructed another officer to 'take him.'" (*Id.*)  According to Plaintiffs, Mr. Wilson "was then detained, handcuffed, restrained, and arrested without a reasonable suspicion or probable cause … and without a warrant." (*Id.*, ¶ 23)  Plaintiffs contend the officers "harassed, threatened, intimidated, pressured, unlawfully touched, and/or assaulted those present in the front yard," including Mr. Wilson. (*Id.* at 9, ¶ 24)

Plaintiffs contend the officers questioned Mr. Wilson "about his association with the other individuals," to which he "responded that he was not a part of any street gang, had been hired to take photographs and video, and was at the location to do so." (Doc. 21 at 9, ¶ 25)  The officers "took possession" of the camera and photography equipment and Mr. Wilson was "placed … in the back of a police vehicle" and transported to the police station. (*Id.* 9-10, ¶¶ 26, 31)

Plaintiffs report that the officers charged Mr. Wilson "with PC 25850(c)(3) gang member in possession of a firearm, PC 186.22(d) gang participation, PC 182(a)(l) conspiracy, and PC 496(a) possession of stolen property without reasonable suspicion or probable cause." (Doc. 21 at 9, ¶ 27)  Plaintiffs contend Officer Montgomery and the "Doe" officers "knew said charges against [Mr. Wilson] were false. (*Id.*, ¶ 28)  In addition, Plaintiffs report the Kern County District Attorney's office "refused to file a complaint and/or prosecute Plaintiff Monte Wilson for any of the alleged crimes for which Defendants arrested [him]." (*Id.* at 10, ¶ 30) (emphasis omitted)  Mr. Wilson's bail was set at $55,000,

1   and he "suffered economic damage to be released." (*Id.* at 9, ¶ 29)

2   According to Plaintiffs, the next day, "Defendants DOES 1 through 100, inclusive, arrived at Plaintiffs' residence…. [and] informed [Mr. Wilson] that his vehicle had been broken into." (Doc. 21 at 10, ¶¶ 32-33)  Plaintiffs report Mr. Wilson "walked to his vehicle and determined that it in fact had not been broken into, contrary to statements made by [the officers]." (*Id.*, ¶ 33)  Plaintiffs allege the officers then served Mr. Wilson with a search warrant. (*Id.*, ¶ 34)

Plaintiffs allege Mr. Wilson was "restrained" while the officers searched his vehicle and apartment. (Doc. 21 at 10, ¶ 34)  In addition, "Plaintiffs MW, M.W, and M.W., were present at the residence and witnessed Defendants DOES 1 through 100, inclusive, restrain their father, the search of the vehicle, and the search of the apartment." (*Id.*)  The officers "took possession of property . . . including but not limited to laptops, tablet computers, and audio and video recording equipment." (*Id.* at 10-11, ¶ 35)  Plaintiffs contend the photography equipment and items taken the next day were not returned in "a timely fashion." (*Id.*, ¶¶ 31, 35)

Plaintiffs assert the Bakersfield Police Department; the City of Bakersfield; "and their employees, agents, supervisors, managers and/or representatives… ratified or acquiesced in the constitutional deprivation, or were deliberately indifferent, reckless, negligence, and/or careless with respect to hiring, training, supervising disciplining and retaining" Officer Montgomery and Does 1 through 50, inclusive. (Doc. 21 at 11, ¶ 36)

Based upon the foregoing allegations, Plaintiffs identify the following causes of action in the First Amended Complaint: (1) excessive force in violation of the Fourth Amendment by Montgomery and the City, (2) excessive force in violation of the Fourth Amendment by the "Doe" officers and the City, (3) unlawful seizure by Montgomery and the City, (4) unlawful seizure by the "Doe" officers and the City, (5) violation of the Ralph Civil Rights Act, (6) violation of the Unruh Civil Rights Act, (7) violation of the Bane Civil Rights Act, (8) assault, (9) battery, (10) intentional infliction of emotional distress, (11) unlawful arrest in violation f California law, (12) false imprisonment, (13) general negligence, (14) trespass to chattels, (15) conversion, (16) civil conspiracy, and (17) negligent infliction of emotional distress. (*See generally* Doc. 21)

///

## II.   Pleading Requirements

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

## III.   Motions to Dismiss

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted).

A court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to officer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Therefore, the Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

## IV.   Discussion and Analysis

Defendants contend that despite "clear direction from the Court," Plaintiffs again fail to provide factual support for their claims of excessive force, assault, battery, violation of the Bane Act and negligent infliction of emotional distress. (Doc. 22 at 2) Defendants assert Plaintiffs also fail to set forth sufficient facts to support the claimed violations of the Ralph Act and Unruh Act. (*Id.*) Further, Defendants contend Plaintiffs identify "numerous claims that are needlessly duplicative and repetitive." (*Id.*) Finally, Defendants contend the Bakersfield Police Department should be dismissed as a defendant. (*Id.*) Plaintiffs oppose each of these assertions, arguing their claims should not be dismissed by the Court. (*See generally* Doc. 24)

### A.   First and Second Causes of Action:  Excessive Force under the Fourth Amendment by Officer Montgomery, "Doe" Officers, and the City

Plaintiffs seek to state claims for excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983. (Doc. 21 at 16-2) In pertinent part, Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*,

529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury he suffered and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012). Here, Plaintiffs allege the Bakersfield Police Officers violated Mr. Wilson's rights to be free from unreasonable seizure and excessive force on July 23, 2015.

The Supreme Court of the United States has determined that the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained,

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted). In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors

6

may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

In *Graham*, the Supreme Court set forth factors to be considered in evaluating whether the force used was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). In addition, Court may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007)). Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Plaintiffs contend Mr. Wilson "was unarmed, was clearly not dangerous, was clearly was not a flight risk, and did not attempt to resist or evade arrest." (Doc. 21 at 16, ¶ 19) In addition, Plaintiffs allege that Mr. Wilson did not "engage or threaten to engage . . . in any conduct that would have justified, or made reasonable and non-excessive, the force used." (*Id.*) Significantly, Plaintiffs do not clearly identify the "force" used by officers; rather, it appears the claim rests upon the act of placing Mr. Wilson in handcuffs. (*See id.* at 16-20; *see also* Doc. 24 at 6-7)

Regardless, as the Court previously informed Plaintiffs, a plaintiff may not maintain a separate cause of action for the mere, reasonable force used to effect an arrest. *See, e.g., Bashir v. Rockdale Cnty., Ga.*, 445 F.3d 1323, 1332 (11th Cir. 2006) (an arrest without probable cause does not give rise to a separate claim for the use of excessive force); *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir.2000) (same); *Cortez v. McCauley*, 478 F.3d 1108, 1126 (10th Cir.2007) ("Thus, in a case where police effect an arrest without probable cause or a detention without reasonable suspicion, but use no more force than would have been reasonably necessary if the arrest or the detention were warranted, the plaintiff has a claim for unlawful arrest or detention but not an additional claim for excessive force."). Because Plaintiffs are pursuing the claims for unlawful arrest in violation of the Fourth Amendment (*see* Doc. 21 at 21-24), they are unable to also maintain a separate cause of action for the minimal force used by the officers to effectuate the arrest. Accordingly, though the Fourth Amendment claim related to the unlawful arrest remains, Defendants' motion to dismiss the first and second causes of action is

**GRANTED,** and the claims are **DISMISSED** without leave to amend.

### B. Fifth Cause of Action: Violation of the Ralph Civil Rights Act

Under the Ralph Act, as set forth in California Civil Code § 51.7, "All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics."[1] California's Civil Code section 51 prohibits interference with a person's rights based upon his "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation."  Thus, to state a cognizable claim under the Ralph Act, a plaintiff must allege: "[1] That the defendant threatened or committed violent acts against the plaintiff or his or her property; [2] That a *motivating reason for the defendant's conduct was* his/her perception of the plaintiff[]…; [3] That the plaintiff was harmed; and [4] That the defendant's conduct was a substantial factor in causing the plaintiff harm."  *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007) (citation omitted, emphasis in original).

Plaintiffs allege that Mr. Wilson is African American, and that "Montgomery "and/or Does 1 through 100, inclusive, pointed at Plaintiff… and instructed another officer to 'take him.'" (Doc. 21 ¶¶ 7, 21) According to Plaintiffs, in doing so, Defendants "subjected [Mr. Wilson] to violence, or intimidation by threat of violence because of or on account of [his] race, ethnic group identification, and/or color." (*Id/* at 27, ¶ 76)

Significantly, however, Plaintiffs fail to allege any facts to support a conclusion that the statement "take him" was a *threat* to commit an act of violence, particularly in light of the fact that he the only force identified is that he was placed in handcuffs.  There are no facts alleged that anything about these words placed Plaintiffs or would have placed a reasonable person, in fear of violence. Plaintiffs have not alleged Defendants drew their weapons and pointed them at him, they rushed him or took any other act that would make him think that violence of imminent upon the speaking of the

---

[1] Characteristics under Cal. Civ. Code § 51 include "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, [and] sexual orientation."

words, "take him." Moreover, Plaintiffs fail to identify any facts that support an inference that Defendants' actions were *motivated* by his race. Rather, Plaintiffs seem to contend that because everyone at the location were African American, Mr. Wilson's arrest *had* to be motivated by his race. The facts alleged do not lead to this conclusion. Without such facts, Plaintiffs fail to state a claim for a violation of the Ralph Act. *See Bender v. County of Los Angeles*, 217 Cal.App.4th 968, 985 (2013) (noting that to succeed on a claim for a violation of the Ralph Act, a plaintiff must establish an act of violence or threats, and that the defendant's perception of the plaintiff's protected characteristic as "a substantial factor for his violent acts against [the] plaintiff").

For example, in *Bass v. City of Fremont*, the plaintiff alleged "that he is African American, the officers are white, and his stop and arrest were without justification." *Id.*, 2013 U.S. Dist. LEXIS 32590 at *17 (N.D. Cal. Mar. 8, 2013). However, the court explained that "an allegation that the plaintiff is a member of a protected class is insufficient to raise [the] inference" that "the plaintiff's protected characteristic was a motivating reason for the defendant's conduct." *Id.* (citing *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 880-81 (2007); *Arres v. City of Fresno*, 2011 U.S. Dist. LEXIS 10425, 2011 WL 284971, at *27 (E.D. Cal. Jan. 26, 2011)). The court determined that Bass failed to allege facts sufficient to support the inference that his race was a motivating factor for the officers stopping him and placing him under arrest, simply because of the difference in his race.

Similarly, here, Plaintiffs allege only that Mr. Wilson is African-American and that his arrest was without justification or probable cause. Even assuming the statement "take him" was conveyed as a threat, there are insufficient facts to support an inference that Mr. Wilson's race was a motivating factor for the behavior of the Bakersfield Police officers. *See Bender,* 217 Cal.App.4th at 985; *Bass*, 2013 U.S. Dist. LEXIS 22590 at *17. Therefore, Defendants' motion to dismiss the fifth cause of action is **GRANTED**, and the claim is **DISMISSED** with leave to amend.

    **C.**    **Sixth Cause of Action: Violation of the Unruh Civil Rights Act**

The Unruh Act prohibits a "business establishment" from discriminating against any person based "their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation." Cal. Civ. Code § 51. As with the Ralph Act, to state a cognizable claim for a violation of the Unruh Civil Rights Act, a plaintiff must allege "*intentional*

9

discrimination." *Cohn v. Corinthian Colleges, Inc.,* 169 Cal. App. 4th 523, 526 (2008) (citation omitted, emphasis in original). Because Plaintiff fails to allege facts supporting a conclusion that Mr. Wilson suffered discrimination *because of* his race, this claim similarly fails. Accordingly, Defendants' motion to dismiss sixth cause of action is **GRANTED**, and the Unruh Act claim is **DISMISSED** with leave to amend.

### D. Seventh Cause of Action: Violation of the Bane Civil Rights Act

The Bane Act provides a cause of action for interference "by threats, intimidation, or coercion" or attempted interference, "with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1(a); *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 843 (2004) ("Civil Code section 52.1 does not extend to all ordinary tort actions because its provisions are limited to threats, intimidation, or coercion that interferes with a constitutional or statutory right."). To state a claim under 52.1, the plaintiff must allege that the interference with the constitutional right was accompanied by an act of coercion. *Jones v. Kmart*, 17 Cal.4th 329, 334, 70 Cal.Rptr.2d 844, 949 P.2d 941 (1998) ("[S]ection 52.1 does require an attempted or completed act of interference with a legal right, accompanied by a form of coercion.")

In *Bender v. County of Los Angeles*, 217 Cal.App.4th 968, 977-978 (2013), the court held that where an arrest is unlawful *and* excessive force is used, a claim is stated under California Civil Code section 52.1. However, because Plaintiffs have failed to allege facts demonstrating any use of force by the officers—other than placing him in handcuffs— the claim for a violation of the Bane Act lacks sufficient factual support. Accordingly, the motion to dismiss is **GRANTED**, and the seventh cause of action is **DISMISSED** with leave to amend.

### E. Eighth Cause of Action: Assault

Under California law, an assault is a "demonstration of an unlawful intent by on person to inflict immediate injury on the person of another then present." *Lowry v. Standard Oil Co.*, 63 Cal. App. 2d 1, 6-7, 146 P.2d 57 (1944); see also CACI § 1301. "The tort of assault is complete when anticipation of harm occurs." *Kiseskey v. Carpenters' Trust for S. Cal.*, 144 Cal.App.3d 222, 232 (1983). To state a cognizable claim of assault under California law, a plaintiff must allege: "(1) that

defendant intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that plaintiff was put in imminent apprehension of such contact." *Brooks v. United States*, 29 F. Supp. 2d 613, 617 (N.D. Cal.1998) (citing Restatement (Second) of Torts § 21 (1965)). Plaintiffs allege officers of the Bakersfield Police Department acted "intended to cause and did cause [Mr. Wilson] to suffer reasonable apprehension of an immediate harmful or offensive physical contact…" (Doc. 21 at 30, ¶¶ 87, 88) However, such conclusory pleading is insufficient to support Plaintiff's claim that the officers acted in a manner that indicated their intent to cause offensive contact or that Plaintiff believed he was in danger. *See Iqbal*, 556 U.S. at 678. Rather, a plaintiff has a burden to identify the actions taken by the officers that indicated their intent to cause harm and placed him in apprehension. *See, e.g., Olvera v. City of Modesto*, 38 F. Supp. 3d 1162, 1181 (E.D. Cal. 2014) (finding the plaintiff's allegations were sufficient to show a claim for assault where "he was aware and anticipated harm" from the bite of a police dog); *Macias v. City of Clovis*, 2014 U.S. Dist. LEXIS 107621 at *30 (E.D. Cal. Aug. 4, 2014) (finding the plaintiff's factual allegations supported a claim for assault where the officers made a "half-circle formation" around his car, "shouted in an extremely aggressive manner," and the "display of force … made him anxious"). Because there are no facts regarding what actions prompted Mr. Wilson to feel apprehension, Plaintiffs fail to allege facts sufficient to support the claim for assault. Therefore, Defendants' motion to dismiss the eighth cause of action is **GRANTED**, with leave to amend.

### F. Ninth Cause of Action: Battery

Under California law, a battery occurs when: "[a] defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) [the] plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to [the] plaintiff." *Brown v. Ransweiler*, 171 Cal.App.4th 513, 526-527 (2009). Thus, when a claim of battery is brought against a police officer, it is analogous to a claim for excessive use of force under the Fourth Amendment. *Id.* at 527; *see also Edson v. City of Anaheim,* 63 Cal.App.4th 1269, 1272 (1998) (an officer who uses force in the course of an arrest is not liable for battery unless the plaintiff proves that the force used was unreasonable). Consequently, a claim for battery against a peace officer under California law is analyzed under the Fourth Amendment's reasonableness standard. *Edson*, 63 Cal.

App. 4th at 1274; *Saman v. Robbins*, 173 F.3d 1150, 1156-57 & n. 6 (9th Cir. 1999).

As explained above, Plaintiffs fails to set forth specific factual allegations to support the claim for excessive force under the Fourth Amendment. For the same reason, the claim for battery under California law fails. *See Brown*, 171 Cal.App.4th 513, 526-527; *Edson*, 63 Cal. App. 4th at 1272. Further, Plaintiff does not allege facts that support a determination that he suffered from a harmful or offensive contact. For example, in *Chaffee v. Chiu*, the plaintiff asserted a police officer was liable for "battery committed by unlawful arrest," and that the officer "placed his hand firmly on [the plaintiff's] tricep." *Id.*, 2013 U.S. Dist. LEXIS 177008 at *19 (N.D. Cal. Dec. 17, 2013). The court found the plaintiff failed to establish the elements of a battery or the use of unreasonable force where the plaintiff admitted "he did not believe [the] Deputy . . . was trying to hurt him" and the officer's "grip was uncomfortable by did not cause . . . any physical harm." *Id.* at *19-21. Similarly, here, there are not facts that support a conclusion that "a reasonable person in plaintiff's position would have been offended by the touching," as is required to state a cognizable claim for battery. *See So,* 212 Cal. App. 4th at 669.

Because the factual allegations are insufficient to support a claim for battery, Defendants' motion to dismiss the ninth cause of action is **GRANTED**, and the claim is **DISMISSED** with leave to amend.

**G.  Seventeenth Cause of Action:  Negligent Infliction of Emotional Distress**

Plaintiffs contend the City of Bakersfield and Bakersfield Police Department are liable for negligent infliction of emotional distress upon the minor Plaintiffs MW, M.W and M.W. (Doc. 21 at 43) As the Court previously informed Plaintiffs, negligent infliction of emotional distress is not a cause of action in the state of California. Rather, "the negligent causing of emotional distress is not an independent tort, but the tort of negligence." *Burgess v. Superior Court*, 2 Cal.4th 1064, 1072 (1992) (emphasis in original, citation omitted). Nevertheless, the state has identified circumstances in which a bystander may recover damages for infliction of emotional distress.

When a plaintiff is a bystander, such as the minors here, damages for emotional distress many be recovered if the plaintiff:

(1) is closely related to the injury victim; (2) is present at the scene of the injury

> producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress—a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.

*Thing v. La Chusa*, 48 Cal. 3d 644, 667-68 (1989). There are limited exceptions to this such as where there is a "breach of a duty owed to the plaintiff that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a special relationship between the two." *Christensen v. Superior Court*, 54 Cal. 3d 368, 890 (1991) (citing *Marlene F. v. Affiliated Psychiatric Medical Clinic*, 48 Cal. 3d 583, 590 (1989)). For example, in *Christensen*, the court found the mortuary defendants "assumed a duty to the close relatives of the decedents for whose benefit they were to provide funeral and/or related services." *Id.*, 54 Cal. 3d at 890-91. This "created a special relationship," through which the defendants owed a duty to the plaintiffs, which was "beyond that owed to the public in general." *See id*. at 884, 890-91.

Here, Plaintiffs allege Defendants "negligently caused physical injuries to Plaintiff Monte Wilson" because he was "uncomfortably, painfully, and injuriously handcuffed and retrained," and that the minor children were present when this occurred. (Doc. 21 at 43, ¶¶ 138-39) Again, however, there are no factual allegations related to what "injuries" Mr. Wilson suffered while being placed in handcuffs. Indeed, there are no *factual* allegations that being placed in handcuffs caused any physical injuries. Without more, the Court is unable to determine whether the minors' claim is, in fact, rooted upon seeing their father injured, or merely seeing their father placed in handcuffs and restrained by the police officers. Moreover, Plaintiffs have not identified any duty of the officers to the minor plaintiffs, which was "created by a special relationship" or a duty "beyond that owed to the public in general." *See Christensen*, 54 Cal. 3d at 890-91; *see also Thing*, 48 Cal. 3d 667-68; *Dillon v. Legg*, 68 Cal.2d 728 (1968) (examining the circumstances in which a duty may be owed to a percipient witness). Given the lack of factual allegations, Defendants' motion to dismiss is **GRANTED** and the claim is **DISMISSED** with leave to amend.

H.   **Duplicative Claims**

Defendants argue the "Amended Complaint is rife with duplicative claims." (Doc. 22-1 at 18) Specifically, Defendants observe that "Plaintiffs' third and fourth causes of action are for violation[s]

of the Fourth Amendment- free from unlawful search and seizure." (*Id.* at 18) As Defendants note, the "the only difference is that the third cause of action is alleged against Defendant James Montgomery and the City and the fourth cause of action is alleged against the Doe Defendants and the City." (*Id.*) In addition, Defendants observe that "[t]he Plaintiff's eleventh and twelfth causes of action are for unlawful arrest and false imprisonment, which are the same tort." (*Id.*, citing, e.*g., Asgari v. City of Los Angeles*, 15 Cal.4th 744, 752 n.3 (1994)).

Plaintiffs respond that the third and fourth causes of action were separated to clearly indicate they wished to state a claim against "Doe" officers who were involved with placing Mr. Wilson under arrest. (Doc. 24 at 17) According to Plaintiffs, the City was included in both causes of action because Plaintiffs sought to hold Officer Montgomery and the "Doe" officers liable in their official capacities. (*Id.*) Therefore, Plaintiffs' request for leave to amend to consolidate the third and fourth causes of action for unlawful search and seizure is **GRANTED**.

Similarly, Plaintiffs do not dispute that false imprisonment and unlawful arrest are the same tort under California law, and request leave to amend to consolidate the claims. (*See* Doc. 24 at 19) Accordingly, Plaintiffs' request for leave to amend the eleventh and twelfth causes of action is **GRANTED**.

I. **Liability of the Bakersfield Police Department**

Defendants argue the Bakersfield Police Department should be dismissed as a defendant in this action, because "Plaintiffs offer no distinction on their theories of liability between the City of Bakersfield and the Bakersfield Police Department." (Doc. 22-1 at 19, citing *Deluca v. County of Los Angeles*, 2015 U.S. Dist. Lexis 94354 at * 22 (C.D. Cal. July 20, 2015)) Plaintiffs do not dispute this. Accordingly, Defendants' motion to dismiss the Bakersfield Police Department as a defendant in the action is **GRANTED**.

V. **Conclusion and Order**

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss is **GRANTED**;
2. Plaintiffs' first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, and seventeen causes of action are **DISMISSED** with leave to amend;

3. The Bakersfield Police Department is **DISMISSED** as a defendant in the action; and

4. Plaintiffs **SHALL** file the Second Amended Complaint within 14 days of the date of service of this order.

IT IS SO ORDERED.

Dated: __**July 25, 2016**__                                    ___/s/ Jennifer L. Thurston___
                                                                                     UNITED STATES MAGISTRATE JUDGE